FILED
CLERK
12/14/2012 10:53 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PASTOR PARAFAN-HOMEN,

                Petitioner,                03-CV-5427 (TCP)

   -against-                                    **MEMORANDUM**
                                                **AND ORDER**

UNITED STATES,

                Respondent.
-----------------------------------------------------------X
PLATT, District Judge.

Before the Court is petitioner Pastor Parafan-Homen's motion for a Certificate of Appealability ("COA") from this Court's Order dated September 25, 2012 ("Order"), which denied petitioner's 28 U.S.C. § 2255 petition in its entirety. The Order also denied petitioner's request for a default or summary judgment as well as his request for an evidentiary hearing.

For the following reasons, petitioner's request for a COA is hereby **DENIED**.

***Legal Standard for a Certificate of Appealability***

Pursuant to 28 U.S.C. § 2253(c)(1):

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

Section 2253(c)(2) provides that a "certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(3) provides that the "certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

In sum, "to obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.

***Whether Petitioner Has Made a Substantial Showing of the Denial of a Constitutional Right***

Pastor-Homen's petition for a writ of habeas corpus was based on allegations that his Sixth Amendment right to effective assistance of counsel was violated during the entire prosecution of his criminal case. He now requests a COA on the grounds that the Court did not address three specific ineffective assistance of counsel claims pertaining to his sentencing and that it ignored his reply to the government's opposition.

In his habeas petition, petitioner argues that his right to counsel was violated because his attorney failed to point out alleged errors made by the Court when he was sentenced. Petitioner contends he is entitled to a COA because the Court did not address specific claims regarding his attorney's ineffectiveness, to wit: grounds three, four and five of the ineffective assistance of counsel at sentencing portion of his petition (Mem. in Supp. at pp. 61-69).

In fact, however, the Court summarized and considered his arguments with respect to

those claims on page thirty-two of the Order. As to these three claims, petitioner's constitutional argument was that his attorney was ineffective for failing to point out purported errors made by the Court during sentencing. Petitioner's evidence in support of these arguments, passages of text from his sentencing transcript, simply did not support his claims. Thus, the Court noted that these allegations were previously passed on by the Second Circuit Court of Appeals during petitioner's direct appeal and by the Supreme Court when it denied petitioner's application for certiorari. Given that no appellate court found any errors with petitioner's sentence, his attorney could not have been ineffective for failing to point out such non-errors. Accordingly, these specific ineffective assistance claims were considered and rejected because they lacked merit.

Petitioner's next ground for a COA is that the Court did not consider his reply to the government's opposition to his petition. He argues that this alleged failure to consider his reply papers violated his due process rights.

To the extent petitioner's reply was responsive to the government's opposition, did not introduce new arguments and dealt with the subject matter of his petition, i.e., ineffectiveness of counsel, it was fully considered by the Court, as were the thirty-nine grounds in his petition. Moreover, petitioner also notes that the Court's Order was "comprehensive" on page one of his motion for a COA. Therefore, petitioner's due process rights were not violated.

Given the foregoing, petitioner has not demonstrated that he was denied ineffective assistance of counsel or that his due process rights were violated. Consequently, reasonable jurists could not and would not find this Court's assessments of petitioner's constitutional claims debatable or wrong because petitioner has not made a substantial showing that he was denied the right to effective assistance of counsel.

*Petitioner's Motion for a COA Is Denied*

For all of the foregoing reasons, Parafan-Homen's motion for a Certificate of Appealability must be and hereby is **DENIED**.

**SO ORDERED**.

Dated: December 14, 2012
      Central Islip, New York

/s/
Thomas C. Platt, U.S.D.J.